PHILADELPHIA STORAGE BATTERY COMPANY, a corporation,
Complainant,

*vs.*

RADIO CORPORATION OF AMERICA, a corporation,
Defendant,

RADIO CORPORATION OF AMERICA, a corporation,
Cross-Complainant,

*vs.*

PHILADELPHIA STORAGE BATTERY COMPANY, a corporation,
Cross-Defendant.

*New Castle, March 25, 1938.*

*Robert H. Richards* and *Caleb S. Layton,* of the firm of Richards, Layton & Finger, and *Hugh M. Morris (Charles J. Hepburn, Charles C. Norris, Jr., Philip R. Hepburn,* and *Philip Dechert,* all of Philadelphia, Pa., of counsel), for complainant and cross-defendant.

*Clarence A. Southerland,* of the firm of Ward & Gray, *(John W. Davis,* of New York City, *Thomas G. Haight,* of Jersey City, N. J., and *Manton Davis* and *Albert G. Davis,* both of New York City, of counsel), for defendant and cross-complainant.

THE CHANCELLOR: 1. R. C. A. places too much stress on the language in the opinion where it is impliedly stated that the letters of October 29, (*sic*) 1929, and May 29, 1931, were never any part of the agreements between the parties. The statement may be conceded to be inaccurate. But even so, the matter does not appear to me to be of sufficient importance to warrant a re-argument. The opinion was dwelling, at the point where the statement was made, upon the ambiguity of the phrase "complete set" and proceeded to point out that as the phrase was R. C. A.'s, it must be construed most strongly against R. C. A. The opinion said further that if the phrase had been used in the contract and was shown to be R. C. A.'s the same principle of adverse interpretation would apply. The appearance of the phrase in the letters emphasized the identity of its author as that of R. C. A., more clearly than if it had appeared in the interior formal agreements. That is why I think I fell into a manner of expression which appears to make a distinction between the letters and the agreements subscribed to by P. S. B. Concede the inaccuracy, it contributed only to the acceptance of a principle of interpretation which, if the inaccuracy had not been made, would

nevertheless have been accepted, as the opinion very clearly shows. I never entertained the thought that the letters while in force were no part of the agreements.

I do not think that a reargument should be granted because an inaccuracy of statement supported the application of a rule of construction which, had the statement been strictly accurate, would have still been applied.

2. As to the petition to reopen, I understand the application to be based on a desire to show the nature and character of the patents as an aid to the interpretation of the license agreement. The contention appears to be that at the trial R. C. A. undertook to show what it now seeks an opportunity to show, but that the court would not allow it. I am convinced that a reading of the record will disclose that the patent situation as an interpretative aid was not seriously advanced at the trial at any time by R. C. A. Throughout the 973 pages of the record, the line of inquiry now sought to be developed was referred to only twice and then only in a casual sort of way. (*Record pp.* 964-968.) So alien was the subject matter of the inquiry to the theory of R. C. A.'s case, that when I ruled against the inquiry, no exception was taken to the ruling.

Now that the case has been tried on one theory and the court's views expressed thereon, one of the parties desires to open the case in order to see if another theory might not be developed which, when supplementing the first, will appeal to the court with more persuasive effect. R. C. A. had ample opportunity at the trial to show what it now desires a reopening to show. The application does not appeal to me.

The petition will be denied.

NOTE. After filing the foregoing opinion, a decree was entered in accordance with the opinion reported *ante p.* 211, from which an appeal was taken to the Supreme Court and said decree affirmed. See 23 *Del. Ch.*, 6 *A.* 2d 329.